**STATE of Missouri, Respondent,**

v.

**Robert Lee JOHNSON, Appellant.**

**No. 56575.**

Supreme Court of Missouri,
Division No. 1.

Feb. 22, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

James C. Jones, III, St. Louis, for appellant.

HIGGINS, Commissioner.

Robert Lee Johnson, charged with murder, first degree, was convicted by a jury which assessed his punishment at life imprisonment. Sentence and judgment were rendered accordingly. §§ 559.010, 559.030, V.A.M.S.

On May 23, 1968, at 8:30 p. m., Robert Lee Johnson, Glenn Valentine and Michael Lee Quinn entered the Travis Confectionary at Webster and Thomas Streets, St. Louis, Missouri, to rob Sam Travis. A "scuffle" ensued between Mr. Travis, defendant, and Quinn, and several shots were fired. Defendant and his companions fled; and, at 9:00 p. m., Sam Travis was pronounced dead from gunshot wounds. The defense was alibi. Upon prior appeal, appellant tacitly conceded the state made a submissible case against him; the court demonstrated a submissible case of murder, first degree, as charged; and appellant now concedes "the evidence was substantially the same as in the first case." Accordingly, a submissible case of murder, first degree, as charged, is found. State v. Johnson, Mo., 456 S.W.2d 1. See also State v. Quinn, Mo., 461 S.W.2d 812.

As in the first trial, a letter, containing incriminating admissions, written by defendant while confined in jail awaiting trial, was admitted in evidence. The letter was intercepted, pursuant to written authority given by defendant, by jail officials pursuant to jail censorship regulations,

which had as their purpose protection of physical security of the jail, forestalling escapes, and barring narcotics and other contraband. In both trials, defendant moved to suppress the letter and objected to its admission in evidence on grounds of unconstitutional search and seizure and violation of the privilege against self-incrimination. Upon the first appeal the letter was found to be generally admissible, contrary to such attacks; but admission of that portion of the letter concerning the outcome of codefendant Quinn's trial and counsel's appraisal of what would likely happen in this case was held erroneous. State v. Johnson, supra, 456 S.W.2d l. c. 4 [3]. Consequently, a new trial was ordered and, upon this trial, the letter was admitted with the portions previously held objectionable deleted.

The letter follows, with portions found objectionable on the first appeal and deleted on this trial enclosed in parentheses:

"Dear Dent

"Say man do you remember me? I'm Pete's [James Johnson] brother. You know the one you used to call Lil Johnson. Say I've heard of your organzation [sic] and I wonder if you can help me. I'm down here on a first degree murder rap with Glen Valentine and Michael Quinn. We were the ones charged with the murder of Sam Travis. You know the dude who used to own that store on the corner of Webster and Thomas. (Well Michael went to court last month and got life. My lawyer says that if the case doesn't change before I go in Jan. that I'll get the same thing or more.) Say dig this, now the people can't identify us and they don't have any evidence. (All they've got is the testimony of one dude. That was enough to find Michael guilty.) Say dig this, I don't have any outside help at all. My people don't seem to care what happens to me. The dude that's testifying was the fourth dude in on the make. The police saved him to be a witness against us. I didn't tell my lawyer this because I didn't want to admit that I was guilty. All someone has to do is talk to the dude. I'm sure he'd be willing to change his mind about testifying against us. Will you help me. You're my last chance for freedom. Man I really need your help. If you want to help me just answer this letter and I'll tell you all you need to know. Please answer this letter as soon as possible. Robert Johnson."

Appellant contends the court erred in admitting the letter, as modified by deletions, Exhibit 5, because:

I. " * * * interception and confiscation of this letter by officials of the jail constituted an unreasonable search and seizure * * *."

II. " * * * this evidence violated defendant's privilege against self-incrimination * * *."

III. " * * * this evidence deprived defendant of due process of law under the Fourteenth Amendment * * * defendant had not been convicted of any crime, * * * he was entitled to the presumption of innocence and was entitled to constitutional personal liberties permitting him to communicate freely with others by mail * * *."

■ Appellant's contention, Point I, that the admission contained in the letter was obtained by an unconstitutional search is not well taken, "because he composed and released the letter knowing it would be read by the jailers prior to mailing. This is the only way he could get a letter mailed, but he was not cut off from using the mail altogether and could have written for help without incrimination. * * * he himself laid in front of the jailer that which he now seeks to preserve as private. The authorities did not act surreptitiously or lead him to think that what he wrote would be held secret and then violate the understanding." State v. Johnson, supra, 456 S.W.2d l. c. 3 [1].

■ Appellant's contention, Point II, that admission of the letter violated his

privilege against self-incrimination is also without merit. "Defendant's admissions [in the letter] were discovered in the course of jail security. There is no indication this was merely a guise to get a look at defendant's correspondence. Defendant was under no compulsion or interrogation to admit guilt or make statements inferring guilt." State v. Johnson, supra, 456 S.W.2d l. c. 3 [2].

Appellant concedes, as he must, that these rulings from his first appeal govern his Points I and II on this appeal; and, although he argues that Point III is "substantially different," it, too, was determined.

■ The previous decision found: that defendant was not prevented from use of the mail in his behalf; that he voluntarily surrendered his letter with knowledge of, and authorization for, censorship; that "Use * * * of his admissions does not seem unfair or violative of any of defendant's rights, but by permissible jail inspection of an inmate's mail, a not unreasonable invasion of defendant's privacy under the circumstances * * *. Looking at the matter from the standpoint of basic fairness [due process], defendant has not been treated unfairly by using his letter against him, because, again, this is all of defendant's own doing and did not arise in a situation where defendant had a right to believe he could proceed in confidence and was then double-crossed." State v. Johnson, supra, 456 S.W.2d l. c. 3 [2].

In addition to a review of the history of pretrial liberties of persons held for trial, appellant would support his Point III with numerous citations, e. g., Tyler v. Ciccone, D.C.W.D.Mo., 299 F.Supp. 684; Jones v. Wittenberg, D.C.N.D.Ohio, 323 F.Supp. 93; Carothers v. Mollette, D.C.S.D.N.Y., 314 F.Supp. 1014; Palmigiano v. Travisono, D.C.D.R.I., 317 F.Supp. 776. Suffice to say: First, such cases deal with direct challenges to prison censorship regulations and prison conditions by way of petitions for injunctive or declaratory judg-

ment relief against such regulations; and no such attack on censorship practices was presented to the trial court in this case. Second, such cases do not deal with the propriety of rulings admitting voluntarily given incriminating written statements.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

All of the Judges concur.